## AMERICAN TRUST CO. v. HARRIS et al.
### No. 8076.

Circuit Court of Appeals, Ninth Circuit.

Feb. 11, 1937.

Herman Phleger, Maurice E. Harrison, Theodore R. Meyer, and A. M. Dreyer, all of San Francisco, Cal. (Brobeck, Phleger & Harrison, of San Francisco, Cal., of counsel), for appellant.

Robert B. Gaylord and Robert B. Gaylord, Jr., both of San Francisco, Cal., for appellee Harris.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the same order of distribution of the assets from which the appeal of the County of San Joaquin was taken in County of San Joaquin v. Harris (C.C.A.) 88 F.(2d) 541, in which an opinion is this day filed. The American Trust Company appeals from that portion of the order of distribution which denied any participation by it or by the bondholders in any dividend then to be paid. The particular portion of the order appealed from is as follows:

"That said claim and petition of American Trust Company for participation by the holders of bonds secured by the trust indenture under which said American Trust Company is trustee, in any dividend and/or pro rata payment to creditors at this time, be, and is denied and disallowed."

The reasons for the order are incorporated therein, and may be briefly summarized as follows: That the receivership herein was instituted for the purpose of conducting and preserving the business of the defendant (Harris Harvester Company) and not for the purpose of liquidation; that the court in the exercise of its discretion considered it just and equitable to pay a dividend upon the favored claims upon which the order directed the dividend to be paid; that the claimants whose claims were thus paid in part had not embarrassed the receiver in the conduct of the business or pressed their claims through bankruptcy or otherwise, and that in the course of receivership payments in varying amounts have been received by all creditors whose claims are now secured; and that the bondholders on whose behalf American Trust Company presented a claim had through foreclosure acquired title to the plant and equipment of the debtor corporation at a nominal price and for a sum greatly less than the actual value thereof at the time of foreclosure. The bill in equity, filed March 26, 1931, upon which a receiver was appointed was brought by a simple contract creditor of the Harris Harvester Company; the application for receiver was concurred in by the Harris Harvester Company, March 30, 1931, and in accordance with this consent the appellee Edward F. Harris was appointed receiver immediately. It is alleged in the bill in equity that the character of the property of the Harris Harvester Company other than property which was covered by the deed of trust and other property hypothecated as security for some of its obligations consisted in the main of spare parts of harvesters, and machines, which would bring but a small amount if sold at public auction, but which, if disposed of in business by a going concern, would realize a very much larger amount, and, it was alleged, an amount sufficient to pay all the obligations of the Harris Harvester Company. An order was made requiring the creditors to present their claims within a specified time, and during that period the appellant as trustee under the trust indenture filed a claim for the full amount of the bonded indebtedness. The trust deed under which the appellant claims as trustee was executed January 27, 1922, by the Harris Manufacturing Company, the predecessor of the Harris Harvester Company. At the time of the transfer of all of the

assets of the Harris Manufacturing Company to the Harris Harvester Company subject to the trust deed, the Harris Harvester Company assumed and agreed to pay the obligations of the Harris Manufacturing Company. The original trustee was the Security Bank & Trust Company, but the appellant has been substituted as trustee. At the time the receiver was appointed, the principal amount of the obligation due upon the bonds secured by the deed of trust was $102,500. On August 21, 1931, the amount due, including interest, was $108,674.52. There were also other liens upon the property covered by the deed of trust and other expenditures which constituted liens thereon, which, together with additional interest, made the total obligations, which were liens upon the property about $139,822.28 on May 31, 1933. Nothing having been paid upon this indebtedness during the two years of the receivership, the court on May 31, 1933, authorized the trustee to proceed with a sale of the property covered by the trust deed in accordance with its terms. Thereafter, on November 5, 1934, a supplemental claim was filed by the appellant trustee alleging that the property covered by the trust deed was sold on February 24, 1934, to F. K. Woll and M. J. Clelland for the sum of $5,000, and that after applying the amount to the indebtedness secured by the trust deed there remained due and unpaid the sum of $104,488.37, exclusive of interest and expenses, accruing since the appointment of the receiver. It is upon this amount that the trustee claims dividends.

The appellant challenges the claim that the court had any discretionary power to select the claims upon which dividends are to be made. Appellant claims that whatever discretion as to payments of claims there may be in an equity receivership proceeding instituted for the purpose of conducting and preserving the business of the debtor, that discretionary power has been lost because during the progress of this receivership it has been demonstrated that Harris Harvester Company is insolvent. The appellant claims that in view of such insolvency it is entitled to liquidating dividends upon the full amount of the claim secured by the trust deed; that it waives its claim for a dividend upon that portion of the principal amount due ($5,000) which it received from the proceeds of the sale of the property, and consequently it is asking no more in the equity receivership than it would be entitled to in a bankruptcy proceeding, that is, a dividend upon the amount of the deficiency ($104,488.37) remaining due March 30, 1931, when the receiver was appointed, after applying the proceeds of the sale to the debt.

The purchasers at the sale under the trust deed represented the holders of bonds of the par value of $99,500. They paid $294.81, and the cost of the sale, in cash, and presented the bonds held by them for entry of a pro rata payment thereon (representing the allocation of the purchase price of $5,000).

The appellant opposed the proposed dividend of 20 per cent. to the claimants favored by the receiver. The attorney for the bondholders appeared with the attorney for the appellant to press the claim of the bondholders, but no separate appearance was entered on behalf of such bondholders. The receiver in response to the objections of the appellant and to its application for the allowance of the claim for deficiency and for pro rata distribution of such sum as the court deemed could properly be distributed, filed an affidavit alleging the inadequacy of the consideration of $5,000 paid by the bondholders as the purchase price of the property, and alleged that the property was worth in excess of $50,000. He also averred that he had offered to procure a purchaser who would pay $50,000 for the assets which were sold at the foreclosure sale. He averred that this offer was stated to be acceptable providing the purchaser would pay the tax lien upon the property, but not otherwise.

■ In an equity receivership a secured claimant is entitled to distribution of dividends from the general fund in the hands of a receiver in the proportion that his entire claim bears to the entire indebtedness until such time as the amount realized from such dividends and from the security cover the entire indebtedness. Capital Savings & Loan Association v. Olympia National Bank (C.C.A.) 80 F.(2d) 561; Commercial & Savings Bank v. Robert H. Jenks Lumber Co. (C.C.) 194 F. 732; U. S. Fidelity & Guaranty Co. v. Centropolis Bank (C.C.A.) 17 F.(2d) 913, 53 A.L.R. 295.

■ It is clear then, that in a liquidating receivership the bondholders, after the sale of the property, hypothecated to them,

544

are entitled to be paid dividends at least upon the amount of the deficiency due them, which is only the amount claimed by the appellant. As stated by the Supreme Court in Price, Receiver, v. U. S., 269 U.S. 492, 502, 46 S.Ct. 180, 182, 70 L.Ed. 373: "While in effect the complaint [for the appointment of a receiver] alleged that defendant was solvent, the facts set forth indicate that it was in a failing condition. And it was found to be insolvent within a short time after the appointment of the receiver. When the assets turned out to be less than the debts, the creditors were entitled to have them dealt with as a trust fund and distributed among them according to their rights and priorities." See, also, Stripe v. U. S., 269 U.S. 503, 46 S.Ct. 182, 70 L.Ed. 379. In the case of U. S. v. Butterworth-Judson Corp., 269 U.S. 504, 46 S.Ct. 179, 70 L.Ed. 380, decided by the Supreme Court on the same day, the bill in equity alleged and the answer admitted that the defendant was solvent. The court said: "The intervening petition [of the United States] shows that respondent was insolvent when the creditor's suit was begun, and the question of priority is to be determined on that basis, notwithstanding the complaint alleged and the answer admitted that respondent was solvent. * * * It is established that, when a court of equity takes into its possession the assets of an insolvent corporation, it will administer them on the theory that in equity they belong to the creditors and shareholders rather than to the corporation itself. See Hollins v. Brierfield Coal & Iron Co., 150 U.S. 371, 383, 14 S.Ct. 127, 37 L.Ed. 1113; Graham v. Railroad Co., 102 U.S. 148, 161, 26 L. Ed. 106. Here, the fund being less than the debts, the creditors are entitled to have all of it distributed among them according to their rights and priorities."

The Circuit Court of Appeals for the Fifth Circuit has recently considered the rights of creditors to the funds in the hands of an equity receivership in two cases, decided December 15, 1936, Illinois Central R. Co. v. U. S. Fidelity & Guaranty Co., 87 F.(2d) 121, and Southern Railway Co. v. U. S. Fidelity & Guaranty Co., 87 F.(2d) 118, 120. In the latter case, the court speaking through Circuit Judge Holmes says: " * * * We deem it proper to say that in a general equity receivership of an insolvent corporation, such as this, ordinarily there should be a ratable distribution among creditors of whatever sum is available for payment of their class. The proceeding is an equitable levy and execution for the benefit of all credit[or]s, and priorities should be settled in the same manner as if an execution at law had been levied," citing numerous cases.

It is immaterial whether the defendant corporation was solvent or insolvent at the time of the initiation of the receivership proceedings for at the time of distribution of its assets it was insolvent, although it might be added that in the bill in equity praying for the receivership herein it was prayed that the receiver have power to conduct the business and to liquidate the affairs of the defendant.

As we understand, the order directed payment of a dividend of 20 per cent. on claims of $43,344.82 and of $2,814.99 (amounting to $9,231.96) and payment of expenses of the receivership amounting to $8,149. The debts unpaid aggregated over $364,000, of which six claims aggregating $100,000 for merchandise are partly secured, and obligations to Banks and Finance corporations amounting to $100,000 are secured. Claims amounting to $27,000 are for the services of officers and directors of the defendant.

The appellees claim that the appellant was not entitled to represent the claims of the bondholders upon the deficiency due them in the court below or on appeal. In this they are in error. Claims speak as of the date of the appointment of a receiver. Their rights are fixed on that date. Illinois Cent. R. Co. v. U. S. Fidelity & Guaranty Co., supra, citing In re K-T Sandwich Shoppe of Akron (D. C.) 34 F.(2d) 962, 963, At that time the appellant was clearly entitled to present the claim, and its supplementary claim merely called the attention of the court to the fact that $5,000 had been realized upon the claim for which it was trustee at the date of the receivership. In the trial court no objection was raised to the right of the appellant to present the claim for the deficiency. The attorney representing the bondholders' committee assisted the appellant in the trial. In the argument before us and in briefs subsequently filed the appellees state that they did make the objection now urged in a brief

filed with the trial court after the matter was submitted, but the appellant claims that no such brief was received by its attorneys. Each party courteously assumes that the statement made by his opponent is true, but the record shows no such objection, nor does it show the contents of the trust deed which the appellant asserts expressly authorize the trustee to collect the deficiency on behalf of the bondholders. These matters dehors the record must be disregarded. Such an objection to the appellant's right cannot be raised on appeal for the first time. Mayor, etc., of City of Helena v. United States (C.C.A.) 104 F. 113.

The order distributing $9,231.96 to the claimants for merchandise sold and for services rendered is reversed, and the trial court is directed to distribute such amount as in its judgment may now be distributed pro rata to the general creditors, including the appellant. The order appealed from also directed distribution of $8,149 for expenses; this portion of the order is not attacked and is affirmed.