No. 554, October Term, 1961.  ROBINSON *v.* CALIFORNIA, 370 U. S. 660.  The motion of American Civil Liberties Union of Southern California for leave to file brief, as *amicus curiae,* is granted.  Petition for rehearing denied.

MR. JUSTICE CLARK, with whom MR. JUSTICE HARLAN and MR. JUSTICE STEWART join, dissenting.

On June 25, 1962, this Court reversed appellant's conviction of the offense of being "addicted to the use of narcotics," 370 U. S. 660.  Thereafter the State of California filed an alternate petition for rehearing and for an abatement of the judgment, advising the Court for the first time that appellant had died on August 5, 1961, some 10 days prior to the filing here of his jurisdictional statement.  Today the Court denies the petition and by its action the mandate, which has been stayed, will now go down.  In my view this action by the Court is but a meaningless gesture utterly useless in the disposition of the case—the appellant being dead—and, as I read our cases, is contrary to the general policy this Court has always followed in the issuance of its mandates.

Under our decisions this appeal abated as moot upon the death of the appellant, *Menken* v. *Atlanta,* 131 U. S. 405 (1889), and the judgment should have been vacated and the case remanded to the state court for such proceedings as might be appropriate under state law.  This is true even though the opinion and judgment of June 25 had been handed down prior to the notice of appellant's

death. See *Stewart* v. *Southern R. Co.*, 315 U. S. 784 (1942), vacating the prior judgment in the same case, 315 U. S. 283. Moreover, there is no question of costs involved here as there was in *Wetzel* v. *Ohio, ante,* p. 62. I would therefore grant the petition for rehearing and vacate the judgment as moot.

*A. L. Wirin* and *Fred Okrand* on the motion of American Civil Liberties Union of Southern California.