131 N.J. Super. 478 (1974)
330 A.2d 598
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HAROLD BRUCE HOUSMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1974.
Decided December 19, 1974.
*479 Before Judges CARTON, CRANE and KOLE.
Mr. John DeNoia argued the cause for appellant (Messrs. Adams, DeNoia & Cassese, attorneys).
Mr. Peter N. Gilbreth, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Robert H. Klausner, Deputy Attorney General, of counsel and on the brief).
*480 The opinion of the court was delivered by CRANE, J.A.D.
Defendant was convicted of the offense of driving while under the influence of alcohol, in violation of N.J.S.A. 39:4-50(a). As a second offender he was sentenced, in the municipal court, to 90 days in jail, a 10-year revocation of driving privileges and a $15 fine plus costs of $15. On appeal to the Warren County Court defendant was again found guilty. The sentence imposed was a 90-day jail term, a 10-year revocation of driving privileges and costs of court amounting to $15.
Defendant contended before the County Court, as he does here, that he is a chronic alcoholic and that as such a person he is not responsible for his behavior when intoxicated and thus should be immune from criminal prosecution. He also argues that the mandatory imprisonment requirement of N.J.S.A. 39:4-50(a) for second offenders is discriminatory and constitutes cruel and unusual punishment, in violation of United States Constitution Amend. VIII N.J. Const. (1947), Art. I, par. 12, when applied to a chronic alcoholic.
Initially, we note that the validity of the mandatory imprisonment provisions of N.J.S.A. 39:4-50(a) is not subject to doubt. State v. Johnson, 42 N.J. 146, 174-176 (1964). And suspension of the jail sentence out of concern for defendant's status as an alcoholic would have been an abuse of discretion on the part of the trial judge. State v. Sheppard, 125 N.J. Super. 332 (App. Div. 1973), certif. den. 64 N.J. 318 (1973).
In this State we have continually adhered to the view that the voluntary ingestion of drugs or alcohol in itself is not a valid defense to criminal charges. State v. White, 27 N.J. 158, 165 (1958); State v. Wolak, 26 N.J. 464, 477 (1958). Although it could conceivably be held beyond the power of a State to impose penal sanctions for the mere status of being a chronic alcoholic, see Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 758 (1962), reh. den. 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166 (1962), the imposition of sanctions for the doing of an act inimical to *481 the public good while under the influence of alcohol does not constitute cruel and unusual punishment. Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), reh. den. 393 U.S. 898, 89 S.Ct. 65, 21 L.Ed.2d 185 (1968).
Whatever may be said by way of concern for alcoholism as a disease, and for the unfortunate plight of those who are afflicted, the danger presented to the public is the same whether the intoxicated operator of a motor vehicle is an occasional or a chronic drinker. The demand for public safety and security remains a paramount consideration. State v. Maik, 60 N.J. 203, 215 (1972).
The penalties prescribed in N.J.S.A. 39:4-50(a) were designed to have a deterrent and preventative effect upon those whose continued disregard of the safety and welfare of other members of the public is manifested by a second conviction. State v. Sturn, 119 N.J. Super. 80, 82 (App. Div. 1972), certif. den. 61 N.J. 157 (1972). Those penalties are applicable to all persons who are found guilty of operating a motor vehicle under the influence of intoxicating liquors whether they are chronic alcoholics or occasional imbibers. We find no unconstitutional discrimination. Robson v. Rodriquez, 26 N.J. 517, 523 (1958), nor any violation of the constitutional proscriptions against cruel and inhuman punishments. Powell v. Texas, supra.
The judgment of conviction is affirmed.