**J. Richard BARNES, as Colorado Commissioner of Insurance, The Insurance Board of the State of Colorado, Kirk Brady, James Q. Hammond, Ronald T. Anderson, Doris Drury and James F. Poole, as members of the Insurance Board of the State of Colorado, Petitioners,**

v.

**DISTRICT COURT, IN AND FOR THE CITY AND COUNTY OF DENVER and The Honorable Ray Jones, Judge, Second Judicial District, Lawyers Title Insurance Corporation and Fidelity National Title Insurance Company, Respondents.**

**No. 79SA579.**

Supreme Court of Colorado, En Banc.

March 17, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Chief, Appeals, Litigation Section, Sandra B. McCray, Asst. Atty. Gen., Denver, for petitioners.

Holland & Hart, Wiley E. Mayne, Jr., James E. Hartley, Denver, for respondent Dist. Court, and the Honorable Ray Jones, Judge, Second Judicial District and Lawyers Title Ins. Corp.

Grant, McHendrie, Haines & Crouse, Charles H. Haines, Jr., G. E. Oppenneer,

Denver, for respondent Fidelity Nat. Title Ins. Co.

### PER CURIAM.

This original proceeding was instituted by the Commissioner of Insurance (Commissioner) pursuant to C.A.R. 21. The Commissioner's petition challenges the jurisdiction of the respondent district court which issued an order countermanding the Commissioner's ruling pertaining to title insurance rates to be charged by Transamerica Title Insurance Company (Transamerica) and Pioneer National Title Insurance Company (Pioneer). We issued a rule to show cause why the relief sought should not be granted and stayed the district court's order. We now discharge the rule as the issue in controversy is moot.

On December 4, 1979, a rate filing made by the Colorado Title Insurance Rating Bureau (Rating Bureau) on behalf of its members was approved in accordance with sections 10–1–103.2 and 10–4–406, C.R.S. 1973 (1979 Supp.). The approved filing requested a 20% rate increase for all members of the Rating Bureau to be effective January 1, 1980. Transamerica, a member of the Rating Bureau, did not desire to charge the higher rates and on December 12, 1979, submitted a new rate filing requesting authority to continue to charge lower rates after January 1, 1980. Subsequently, Pioneer, also a member of the Rating Bureau, made a similar request. On December 27, 1979, Commissioner Barnes scheduled a public hearing regarding the Transamerica filing and ordered that "[t]he rates in effect and in use by Transamerica . . . as of [this date] will remain in effect pending the outcome of the hearing.".

Lawyers Title Insurance Company (Lawyers Title) instituted a C.R.C.P. 106(a) action in the district court on December 28, 1979, seeking an order directing the Commissioner to enforce the new title insurance rates upon their effective date, January 1, 1980. A similar action was initiated by Fidelity National Title Insurance Company (Fidelity National) which was consolidated with the Lawyers Title action. On December

ber 28, 1979, the district court ordered Commissioner Barnes to direct Transamerica to charge the new rates effective January 1, 1980 until such time as other premium rates were "approved."

On December 31, 1979, the petitioners filed an original proceeding with this court seeking relief in the nature of prohibition pursuant to C.A.R. 21 and requested that we stay the district court's order. We entered a rule to show cause and stayed the order of the district court. On February 4, 1980, the cause was finally at issue. Thereafter, it was publicly announced that the Commissioner had approved the request of Transamerica, and presumably Pioneer, to charge the lower rates on a permanent basis.

The mootness doctrine is well-established. "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not . . . to declare principles or rules of law which cannot affect the matter in issue before it." *People v. District Court,* 78 Colo. 526, 242 P. 997 (1925). "A case is moot when judgment, if rendered, will have no practical legal effect upon an existing controversy . . . ." *Crowe v. Wheeler,* 165 Colo. 289, 439 P.2d 50 (1968). In limited circumstances, not applicable here, the standards of mootness will be relaxed. *See, e. g., Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

The sole issue presented in the instant case is whether the district court exceeded its jurisdiction in ordering the Commissioner to direct Transamerica to charge statutorily approved rates until such time as Transamerica's proposed lower rates were approved. Since the Commissioner in accordance with sections 10–4–406 and 407, C.R.S 1973 (1979 Supp.) has approved the rate filings of Transamerica and Pioneer, and has thus authorized these companies to charge the lower rates, the district court's order now has no effect. Consequently, an

opinion on the trial court's jurisdiction in imposing its order on the petitioners would likewise have no effect. The issue is therefore moot.

The rule is discharged.

GROVES and LEE, JJ., do not participate.