Henry **ZELIGMAN** and Charles Hayhurst, Plaintiffs-Appellees.

v.

Robert L. **JUERGENS** and Honor F. Juergens, Defendants,

and Concerning

Central Trust Company of Northeastern Ohio, N.A., Appellant.

No. 86CA1883.

Colorado Court of Appeals, Div. IV.

Sept. 15, 1988.

Podoll & Podoll, P.C., Robert C. Podoll, Denver, for plaintiffs-appellees.

Charles W. Owens, Denver, for appellant.

NEY, Judge.

Central Trust Company of Northeastern Ohio, N.A. (Central Trust) appeals the trial court's order granting Henry Zeligman reimbursement for certain expenses incurred as receiver for certain real property. We affirm.

Central Trust was secured by first deed of trust and Zeligman and Charles Hayhurst held a second deed of trust on the same property. The owners of the property assigned their interest to a third party. This assignment violated the first deed of trust's "due on sale" clause. No payments on the note secured by the first deed of trust were made after the assignment. Accordingly, Central Trust began foreclosure proceedings by ordering a foreclosure certificate. Zeligman and Hayhurst, however, suggested that they be allowed to cure the monetary default on the first deed of trust, assume the first mortgage, and foreclose on the second deed of trust. Central Trust tentatively agreed to this arrangement in principle and entered into negotiations with Zeligman and Hayhurst.

Zeligman and Hayhurst began foreclosure proceedings, and the court appointed Zeligman as receiver to manage the property during the proceedings. In his role as receiver, Zeligman paid the delinquency to Central Trust from the receivership account, and he continued to make payments to Central Trust as they became due.

Central Trust and Zeligman and Hayhurst, however, did not successfully negotiate an agreement for the assumption of the first deed of trust. As a result, Central Trust filed its own foreclosure proceeding, and Zeligman and Hayhurst withdrew their pending action. Central Trust's receiver was substituted for Zeligman, and the court ordered that Zeligman be reimbursed for expenses incurred. The court found that all of the payments made by the receiver, including those made to Central Trust, were valid expenses, reasonably related to the management, operation, and protection of the property. The court's order provided that Zeligman was to be reimbursed from the future income of the

property or from the proceeds of the foreclosure sale, prior to the satisfaction of Central Trust's note.

Central Trust contends that Zeligman exceeded his authority as receiver in paying the deficiency owed to Central Trust. It argues that the receiver was not authorized to expend amounts beyond the income produced by the property, and that he improperly advanced his own money to pay the deficiency owed on the loan. This contention is without merit.

■ The order of appointment of a receiver is the measure of his power. *Hendrie & Bolthoff Manufacturing Co. v. Parry,* 37 Colo. 359, 86 P. 113 (1906). In the order appointing Zeligman as receiver, the court specifically empowered him:

> "To use rents and receipts from the receivership property and *funds advanced by plaintiff* [Zeligman and Hayhurst] for the payment of expenses of the receivership and of the receivership property, and to use the excess, if any, over and above that needed for expenses *to make principal and interest payments toward any loan which is secured by a lien on the receivership property."* (emphasis supplied)

■ The plain meaning of the court's order is that the receiver, Zeligman, was specifically empowered to advance money to the receivership in order to pay secured loans such as the loan made by Central Trust.

Central Trust next contends that the receiver breached his fiduciary duty by making the deficiency payment to Central Trust. It claims that the duty to cure the deficiency was a personal obligation of Zeligman and Hayhurst, and should not have been done with receivership funds. Central Trust also argues that because the payment was not made for the advantage of the estate, the receiver is not entitled to reimbursement. We disagree.

■ A receiver is a fiduciary of the court and of the persons interested in the estate of which he is the receiver. *Talbot v. Jansen,* 294 Ark. 537, 744 S.W.2d 723 (1988). "The receiver's function is to collect the assets, obey the court's order, and in general to maintain and protect the property and the rights of the various parties." *Hart v. Ed-ley Corp.,* 482 P.2d 421 (Colo. App.1971) (not selected for official publication). Central Trust is incorrect in its contention that the estate was not benefited by payment of the past due installments.

■ *Hart v. Ed-ley Corp., supra,* is instructive. There, the receiver paid past due installments on two deeds of trust from his own resources and was reimbursed by the court from subsequently generated receivership funds. We held that payment on a deficiency was a proper expenditure by the receiver in order to protect and maintain the rights of the various litigants to the property. Here, the receiver's action removed the immediate threat of foreclosure by Central Trust, and prevented additional interest from accruing which would have increased the lien on the property. We agree that the deficiency payment was properly made by the receiver in order to preserve the property.

The trial court made a factual finding, supported by the evidence, that all of the payments made by the receiver were valid expenses reasonably related to the management, operation, and protection of the property. Therefore, we will not disturb the court's factual findings as to the propriety of the expenditure. *See In re Northwestern Mutual Life Insurance Co. v. First Interstate Bank,* 703 P.2d 1314 (Colo.App. 1985).

■ Although Zeligman and Hayhurst experienced an incidental benefit from the receiver's payment of the deficiency owed to Central Trust, we do not agree that this mandates a finding of breach of fiduciary duty.

■ A beneficiary may be estopped from suing his fiduciary if the beneficiary consents to the breach of trust and accepts the benefits. Here, Central Trust has waived any objection to Zeligman's conduct by accepting the deficiency payments from the receiver.

The payment of a receiver's costs and expenses lies within the sound discretion of

the trial court, and no abuse of that discretion is apparent here. *See Plateau Supply Co. v. Bison Meadows Corp.*, 31 Colo.App. 205, 500 P.2d 162 (1972).

JUDGMENT AFFIRMED.

BABCOCK and HUME, JJ., concur.