**AMERICAN DRUG STORE, INC., d/b/a Osco Drug, an Illinois corporation, Plaintiff–Appellee,**

v.

**CITY AND COUNTY OF DENVER, a municipal corporation, and Alan N. Charnes, Manager of Revenue of the City and County of Denver, State of Colorado, Defendants–Appellants.**

**No. 91SA1.**

Supreme Court of Colorado,
En Banc.

June 1, 1992.

As Modified on Denial of Rehearing
June 22, 1992.

Eiberger, Stacy, Smith & Martin, Roy A. Adkins, Kay–Dawn Allen, Denver, for plaintiff-appellee.

Daniel E. Muse, City Atty., Robert F. Strenski, Maria Kayser, Asst. City Attys., Denver, for defendants-appellants.

Justice VOLLACK delivered the Opinion of the Court.

Appellant, the City and County of Denver (the City),[1] appeals from a district court order in *American Drug Stores, Inc., d/b/a Osco Drug v. City and County of Denver*, No. 90CV2083 (Aug. 2, 1990). The district court granted summary judgment in favor of appellee, American Drug Stores

---

1. For purposes of this proceeding, we refer to both the City and County of Denver, and the Manager of Revenue of the City and County of Denver, as "appellant."

(Osco). We reverse and remand with directions.

### I.

On December 15, 1989, the Manager of Revenue of the City and County of Denver (Manager of Revenue) mailed to Osco a Notice of Final Determination, Assessment and Demand for Payment of use taxes (notice of assessment) pursuant to article III of chapter 53 of the Revised Municipal Code for the City and County of Denver (DRMC). The use taxes, in the amount of $177,811.74, were assessed on preprinted advertising inserts circulated from December 1, 1985, to June 30, 1988. The notice of assessment stated that it would become final and due twenty days from the date of the mailing of the notice unless Osco filed a petition for review with the Manager of Revenue within that twenty-day period.[2]

On January 5, 1990, twenty-one days after the notice of assessment was mailed, Osco filed a Petition for Cancellation of Assessment with the Manager of Revenue by hand-delivery. On January 22, 1990, an audit supervisor contacted Osco and informed Osco that its petition was not timely filed pursuant to DRMC sections 53–49 and 53–117. The audit supervisor also informed Osco that it could contest the facts regarding the petition deadline by filing a motion with a hearing officer.

■ On February 14, 1990, Osco filed such a motion. Osco contended in both the January 5 petition and the February 14 motion that the notice of assessment it

received was defective because it did not comply with section 29–2–106.1, 12A C.R.S. (1986).[3]

Section 29–2–106.1 provides, in pertinent part:

(2)(a) When a local government asserts that sales or use taxes are due in an amount greater than the amount paid by the taxpayer, such local government shall mail a deficiency notice to the taxpayer.... The deficiency notice shall contain notification, in clear and conspicuous type, that the taxpayer has the right to elect a hearing on the deficiency pursuant to subsection (3) of this section.

. . . .

(c) ... The taxpayer shall have no right to such hearing [pursuant to subsection (3)(a)] if he has not exhausted local remedies or if he fails to request such hearing within the time period provided for in this subsection....

. . . .

(3)(a) If a taxpayer has exhausted his local remedies as provided in paragraph (c) of subsection (2) of this section, the taxpayer may request the executive director of the department of revenue to conduct a hearing on such deficiency notice or claim ... as set forth in section 39–21–103, C.R.S.

Osco thus argued that the notice of assessment it received was defective, not because it failed to inform Osco of its immediate right to *administrative review* of the assessment, but because it did not inform

---

**2.** The Notice of Assessment stated:

  PLEASE TAKE NOTICE: The amounts below are hereby assessed against you. This assessment shall be final and due and payable 20 days from the date of mailing of this notice by certified mail, or if served personally, then 20 days from such service, UNLESS WITHIN SAID 20 DAY PERIOD YOU PETITION the Manager of Revenue for review and modification of the assessment by a writing containing the information required by, and otherwise meeting the conditions of the Rules Governing Hearings Before the Manager of Revenue, a copy of which may be obtained at the Department of Revenue. Upon your failure to pay such taxes when due, the City and County of Denver will proceed to collect the taxes assessed in accordance with the provisions of

Art. III of Chapter 53 of the Revised Municipal Code.

**3.** That section provides aggrieved taxpayers avenues of appeal after exhausting local government remedies by timely requesting hearings before local governments. § 29–2–106.1, 12A C.R.S. (1986); *see* § 29–2–106.1(8), 12A C.R.S. (1986). Aggrieved taxpayers may elect to appeal adverse determinations of local hearing officers to the state executive director of the department of revenue, who will conduct *de novo* review. § 29–2–106.1(3), 12A C.R.S. (1986). Alternatively, aggrieved taxpayers may appeal adverse determinations of local hearing officers pursuant to local government procedures. § 29–2–106.1(9), 12A C.R.S. (1986).

**468**

Osco of its options regarding *appeals of administrative determinations.*

The hearing officer noted that Osco's motion did not contest the facts regarding the filing deadline, but instead requested a new assessment informing Osco of its right of appeal to the executive director of the department of revenue. The hearing officer concluded that the lack of notice did not prevent Osco from timely filing a petition with the Manager of Revenue and that Osco failed to present any grounds for relief in the motion.

On February 21, 1990, Osco filed a complaint for a declaratory judgment in district court. Osco sought a declaration that the Notice of Final Determination, Assessment and Demand for Payment is insufficient as a matter of law because it does not comply with section 29–2–106.1. Osco later filed a motion for summary judgment, contending, among other things, that the notice of assessment was deficient as a matter of law. Without opinion, the district court granted Osco's motion for summary judgment. The City appeals.

## II.

The City challenges both the requirement of exhaustion of remedies and the content of the notice of assessment.[4] We do not reach these issues because they are moot.

## A.

### Content of the Notice

■■■ The City contends that the issuance of a notice of sales and use tax assessment is purely a matter of local concern and is thus not subject to the requirements of section 29–2–106.1.[5]

Section 29–2–106.1 states that its appeal procedures are only triggered after an aggrieved taxpayer has exhausted local remedies. Local remedies under section 29–2–106.1(2)(c)(I), 12A C.R.S. (1986), are deemed exhausted when a "taxpayer has timely requested in writing a hearing before the local government, and such local government has held such hearing and issued a final decision thereon." In the present case, Osco received a Notice of Final Determination, Assessment and Demand for Payment of use taxes which informed Osco that if it did not contest the notice of assessment within twenty days of the date of mailing, the assessment would become due and final.

■ We decline to consider the sufficiency of the notice of assessment against the backdrop of section 29–2–106.1 because the issue is moot in this case. Since Osco failed to timely petition the Manager of Revenue for a hearing in order to contest the validity of the assessment, it became final and due as to Osco.

---

4. In its opening brief, the City raised several additional arguments: whether § 29–2–106.1, as applied to the City, violates the separation of powers; whether Osco failed to join an indispensable party; whether the General Assembly was proscribed from enacting § 29–2–106.1 by article VI, § 9, of the Colorado Constitution; and, whether the City ordinance supersedes § 29–2–106.1. The City, after this court's decision in *Walgreen v. Charnes*, 819 P.2d 1039 (Colo.1991), withdrew these issues in its supplemental reply brief.

5. Osco conversely contends that the City's failure to comply with § 29–2–106.1 violates its rights to due process of law. The notice of assessment did not inform Osco of either the relief available pursuant to the DRMC or of that available under § 29–2–106.1. *See supra* note 2. This notice of assessment did not deprive Osco of its due process of law with respect to Osco's right to *immediate administrative* review.

Due process, grounded in concerns of fundamental fairness, requires adequate advance notice and an opportunity to be heard prior to

state action resulting in deprivation of a property interest. *City and County of Denver v. Eggert*, 647 P.2d 216 (Colo.1982); *Mountain States Tel. and Tel. Co. v. Department of Labor and Employment*, 184 Colo. 334, 520 P.2d 586 (1974). Osco had notice of its right to seek administrative review, and that notice informed Osco of its opportunity to present its concerns to the Manager of Revenue pursuant to the DRMC. Osco did not pursue this relief.

Osco also contends that, because the notice deprived it of its due process of law, new notice should issue from which review can be sought. Osco essentially contends that, because the notice of assessment did not comply with § 29–2–106.1, Osco was denied its rights to due process and thus new notice should issue. We do not agree that, in this case, failure to comply with the statute amounts to a due process violation. This argument is without merit because Osco was not deprived of its due process rights.

■ Additionally, Osco cannot seek appellate review *of the assessment* under either section 29–2–106.1 or under the local procedures provided in the DRMC. Under section 29–2–106.1, appellate review before the executive director of the department of revenue is only available when a party has exhausted its administrative remedies by timely filing a petition with the Manager of Revenue. Under section 53–124 of the DRMC, appellate review is only available to taxpayers who have sought timely review of assessments by the Manager of Revenue. Since Osco failed to timely file its petition, it was precluded from seeking review by the Manager of Revenue.

■ Appellate courts will not render opinions on the merits of appeals when issues presented in litigation become moot because of subsequent events. *Van Schaack Holdings, Ltd. v. Fulenwider,* 798 P.2d 424, 426–27 (Colo.1990); *Zoning Bd. of Adjustment v. DeVilbiss,* 729 P.2d 353 (Colo.1986). "A case is moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy." *Van Schaack,* 798 P.2d at 426 (citing *Barnes v. District Court,* 199 Colo. 310, 607 P.2d 1008 (1980)).[6]

Any determination that the content of the notice did not meet the requirements of section 29–2–106.1 would not have any practical legal effect on this case because there is no existing controversy between Osco and the City regarding the assessment of use taxes owed.[7]

## B.

### Exhaustion of Remedies

The City contends that Osco failed to exhaust its administrative remedies because it failed to timely file a petition contesting the assessment with the Manager of Revenue.[8] According to the City, Osco's failure to timely file a petition divested the district court of jurisdiction over Osco's action.

■ Where a party to an administrative proceeding wishes to challenge *the constitutionality* of a statute or ordinance that the agency enforces, that party may bring an action for declaratory judgment in district court. *Arapahoe Roofing and Sheet Metal, Inc. v. City and County of Denver,* 831 P.2d 451, 454 (Colo.1992) (citing *Clasby v. Klapper,* 636 P.2d 682, 684 n. 6 (Colo. 1981); *Kinterknecht v. Industrial Comm'n,* 175 Colo. 60, 67, 485 P.2d 721, 724 (1971); *Stevenson v. Industrial Comm'n,* 190 Colo. 234, 545 P.2d 712 (1976); and, *Lucchesi v. State,* 807 P.2d 1185, 1191 (Colo.App.1990)).

We do not consider, however, whether Osco was required to exhaust its administrative remedies before instituting an action in district court to raise its constitutional challenges. Any such determination would have no practical legal effect since there is no existing legal controversy between Osco and the City.

We reverse the summary judgment of the district court and remand to that court with directions to dismiss the complaint for declaratory judgment.

■

---

6. We note that the facts of this case do not place it within the exception to the mootness doctrine wherein this court will review cases that, while evading review, are capable of repetition. *See Urevich v. Woodard,* 667 P.2d 760 (Colo.1983). It is not likely that the unique facts of this case will frequently be repeated.

7. Osco contends that no notice exists because the December 15 notice of assessment was invalid as a matter of law because it does not comply with § 29–2–106.1. The notice of assessment was issued on December 15, 1989. Twenty days later, on January 4, 1990, the notice of assessment became final. On January 5, 1990, Osco first objected to the form of the notice. Were we to adopt Osco's argument, we would essentially recognize a new cause of action for dissatisfied taxpayers against whom assessments have become final since the enactment of § 29–2–106.1. We reject Osco's contention.

8. In its answer brief, Osco stated that it does not now contest "the City's contention that it was one day late in filing its petition."