MOUNT CARBON METROPOLITAN DISTRICT, a quasi-municipal corporation, Plaintiff–Appellant,

v.

LAKE GEORGE CO., a Colorado corporation, a/k/a Lake George Company, a/k/a Lake George Company, Inc., Defendant–Appellee.

No. 91CA2063.

Colorado Court of Appeals, Div. I.

Jan. 14, 1993.

Hayes, Phillips & Maloney, P.C., Herbert C. Phillips, M. Susan Lombardi, Denver, for plaintiff-appellant.

Shaver & Licht, John H. Licht, Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

Mount Carbon Metropolitan District appeals the summary judgment dismissing its suit against the defendant, Lake George Company. We dismiss this appeal as moot.

Mount Carbon executed a promissory note for $180,000 in March of 1987 in favor of Lake George, to be repaid in annual payments. The note was secured by a deed of trust encumbering water rights in two of Mount Carbon's reservoirs. This debt equaled approximately twenty-two percent of the assessed property value of the district. The court found that no election had been held at which the electors of the district had approved either the execution of the note or deed of trust.

Mount Carbon was late in its 1990 payment. Some sixty-five days after the missed payment, Lake George elected to sue on the note, and it obtained a judgment for the total amount of the note in April 1991. Lake George, however, was unsuccessful in collecting the judgment from Mount Carbon, and as a result, in June of 1991, it initiated foreclosure proceedings on the deed of trust. A public trustee sale was held at which Lake George was the only bidder.

Mount Carbon sought injunctive relief seeking to prevent the sale. At a hearing held nine days after the sale, the court granted Lake George's motion for summary judgment. Pursuant to C.R.C.P. 62(d), Mount Carbon moved for a stay of the judgment previously entered. The court did not rule on the motion and this appeal followed.

Mount Carbon asserts that: (1) a genuine issue of material fact existed as to the validity of the debt in the absence of an authorizing election; (2) the court erred when it determined that Mount Carbon had not been deprived of its statutory right to cure the default; and (3) the court erred when it determined that Lake George was not required to collect its judgment pursuant to § 13–60–101, C.R.S. (1987 Repl.Vol. 6A).

Lake George responds that the issue of the failure of Mount Carbon to hold an election is barred by the doctrine of *res judicata,* and also urges that the appeal is moot.

■ At the outset, we hold that Mount Carbon cannot be heard to raise the issue of failure to obtain prior approval of the electorate authorizing execution of the note and trust deed. This contention was not raised as a defense to the suit on the note prior to the sale, and, in any event, equity serves to bar Mount Carbon's assertion. *See Normandy Estates Metropolitan Recreation District v. Normandy Estates Ltd.*, 191 Colo. 292, 553 P.2d 386 (1976).

We agree with Lake George that the appeal is moot as the foreclosure sale has been held and the redemption period has expired.

■ A case is moot if a judgment, when rendered, will have no practical legal effect on an existing controversy. Our duty is to decide actual controversies, not to declare principles or rules of law which cannot affect the matter before us. *Barnes v. District Court*, 199 Colo. 310, 607 P.2d 1008 (1980).

■ After the court entered summary judgment in favor of Lake George, Mount Carbon sought a stay pursuant to C.R.C.P. 62(d) and initiated this appeal. C.R.C.P. 62(a) provides an automatic stay of execution of fifteen days after entry of judgment. A party may seek to continue the stay past that time by motion to the court under C.R.C.P. 62.

C.R.C.P. 62(d) provides:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the trial court.... The bond may be given at or after the time of the filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Mount Carbon sought waiver of the supersedeas bond, claiming it was exempt under C.R.C.P. 62(e), which provides that a court may issue a stay in favor of a Colorado municipal corporation without requiring it to post a bond. Lake George, however, argued that Mount Carbon, as a quasi-municipal corporation, was not exempt. The record reflects that this issue was not resolved by the trial court. Nevertheless, even if we assume that Mount Carbon was correct, that result does not affect our disposition of this appeal.

The dispositive factor here is that the record reveals that the motion for stay *was never ruled on* by the trial court, *nor was a request for stay under C.A.R. 8 filed in this court.*

■ Given the absence of a ruling by the trial court and the failure of Mount Carbon to request this court either to issue a stay or to order the trial court to rule on the pending motion, it is apparent that no stay ever issued. *See Muck v. Arapahoe County District Court*, 814 P.2d 869 (Colo.1991) (if a judgment is not stayed by a proper order or bond, the pendency of an appeal is no impediment against pursuing execution of the judgment in the trial court); *see also Zurich Insurance Co. v. Bonebrake*, 137 Colo. 37, 320 P.2d 975 (1958) (since condition of supersedeas requiring filing of bond was not met, judgment creditor could seek enforcement of judgment as if supersedeas was not granted).

As no stay ever issued, there was nothing to affect the validity of the sale or to prevent the redemption period from running.

Under § 38–38–302, C.R.S. (1992 Cum. Supp.), agricultural real estate may be redeemed up to six months after sale by virtue of foreclosure of a deed of trust, and all other property may be redeemed no later than seventy-five days after the sale. We need not determine, however, whether the water rights foreclosed upon here were agricultural real estate or not. As the sale was held September 11, 1991, the latest possible statutory redemption period expired on March 11, 1992.

■ After the redemption period for foreclosed property expires, title to the property sold vests in the holder of the certificate of purchase. Section 38–38–501, C.R.S. (1992 Cum.Supp.); *see Ragsdale Bros. Roofing, Inc. v. United Bank*, 744 P.2d 750 (Colo.App.1987); *see also* 55 Am. Jur.2d *Mortgages* § 786 (1971) (mortgage ripens into a perfect title through the pro-

cess of foreclosure). The foreclosure is then final and all of the owner's right, title, and interest in and to the land is extinguished. *Baber v. Baber*, 28 Colo.App. 530, 474 P.2d 630 (1970).

Thus, despite the fact that one of the parties to this suit is the present owner of the property, nevertheless, once the process is complete, our equitable powers are constrained, and we may not set aside a completed foreclosure sale absent a finding of fraud, deceit, collusion, or that a party was misled by the public trustee. *See Johnson v. Smith*, 675 P.2d 307 (Colo. 1984). There are no such allegations here.

Consequently, we conclude that Mount Carbon's property interest in the water rights secured by the deed of trust has been lost through foreclosure, and all questions bearing upon it are now moot. *See Hunter v. Hunter*, 155 Colo. 516, 395 P.2d 604 (1964).

Accordingly, the appeal is dismissed.

NEY and DAVIDSON, JJ., concur.