43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derrick R. PARKHURST, Plaintiff-Appellant,
v.
Duane SHILLINGER, individually; Wyoming Department of
Corrections State Penitentiary Warden, in his official
capacity aka Duane Shillinger; Rjudy Uphoff, individually;
Wyoming Department of Corrections Director, in her official
capacity aka Judge Uphoff; James Ferguson, individually;
Wyoming Department of Corrections State Penitentiary Deputy
Warden, in his official capacity aka James Ferguson; Jack
J. Sexton, individually; Wyoming Department of Corrections
State Penitentiary Medium Security Unit Manager, in his
official capacity aka Jack J. Sexton; Bill Hettgar,
individually; Wyoming Department of Corrections State
Penitentiary Guard, in his official capacity aka Bill
Hettgar; Stan James, Captain, individually; Ronald G.
Ruettgers, individually; Wyoming Department of Corrections
State Penitentiary Associate Warden, in his official
capacity aka Ronald G. Ruettgers; Wyoming Department of
Corrections State Penitentiary Guard, in his official
capacity aka Stan James, Captain, Defendants-Appellees.
 No. 94-8020.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Derrick Parkhurst appeals from the denial of his renewed motion for a temporary restraining order and/or preliminary injunction. Because appellant has obtained the sole injunctive relief requested in his renewed motion, we dismiss the appeal as moot.
 
 
 3
 Parkhurst, a prisoner in the Wyoming State Penitentiary, filed a civil rights action alleging that defendants violated his constitutional rights by denying him favorable security classification and retaliating against him for exercising his rights to free speech, access to the courts, and due process. Simultaneously with his complaint, Parkhurst filed a "Motion for Temporary Restraining Order and/or Preliminary Injunction" to protect him from further retaliation until the court reviewed the complaint. The district court denied the motion on grounds that Parkhurst failed to show that he would suffer immediate and irreparable injury, loss, or damage before the court had an opportunity to reach the issues raised by the complaint. Parkhurst did not appeal the denial of the motion.
 
 
 4
 Approximately five weeks later, Parkhurst filed a "Renewed Motion for Temporary Restraining Order and/or Preliminary Injunction," alleging that defendants placed him in segregation for six months, in retaliation for his legal activism. The only relief Parkhurst requested in the renewed motion was an order directing defendants to release him from segregation and back into the prison's general population. The district court denied the renewed motion, stating, "it appear[s] that it [the renewed motion] involves the disciplinary system of the prison, and that it has no merit." R. Vol. I, doc. 8. It is from that denial that Parkhurst appeals.
 
 
 5
 Defendants, in a motion to dismiss, argue this appeal is moot because Parkhurst has completed his punitive housing obligation and has been returned to the prison's general population. Parkhurst does not dispute that he has obtained the full relief he requested in the renewed motion. He fears, however, that the law of the case doctrine will prevent him from raising this latest incident of alleged retaliation in the underlying case, should this court dismiss the appeal as moot. Parkhurst contends that the underlying order should be vacated in the event of a dismissal for mootness.
 
 
 6
 Indeed, "[t]he established practice ... in dealing with a civil case from a court in the federal system which has become moot while on [appeal] ... is to reverse or vacate the judgment below and remand with a direction to dismiss." United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950); see also Otasco, Inc. v. Mohawk Rubber Co. (In re Otasco, Inc.), 18 F.3d 841, 843 (10th Cir.1994)(recognizing appellate court's practice and duty to vacate judgment below). Such a "procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." Munsingwear, 340 U.S. at 40.
 
 
 7
 The Supreme Court recently provided further guidance on vacating judgments after a case becomes moot on appeal in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386 (1994). In that case, the Court decided that the lower court judgment should not be vacated when a case becomes moot as a result of settlement. Id. at 393. The court explained that the party seeking relief from the judgment must demonstrate "equitable entitlement to the extraordinary remedy of vacatur." Id. at 392. That burden is not met where mootness results from settlement because the losing party "by his own choice" has forfeited his right to appeal. Id.
 
 
 8
 U.S. Bancorp reaffirms Munsingwear 's general rule "that mootness by happenstance provides sufficient reason to vacate." Id. at 391 n. 3; see also Associated General Contractors, Inc. v. City of New Haven, Nos. 94-7316, 444, 1994 WL 666062, at * 4 (2d. Cir. Nov. 23, 1994)("U.S. Bancorp does not upset" previous rule). The Court elaborated that "[t]he reference to 'happenstance' in Munsingwear must be understood as an allusion to [the] equitable tradition of vacatur." U.S. Bancorp, 115 S.Ct. at 391. It is unfair to force the party seeking review "to acquiesce in the judgment" when review "is frustrated by the vagaries of circumstance," id., or "when mootness results from unilateral action of the party who prevailed below," id. at 392.
 
 
 9
 We are convinced, after reviewing the record and relevant law, that this appeal is indeed moot, see DeFunis v. Odegaard, 416 U.S. 312, 317 (1974), and the mootness was not caused by actions attributable to either party. Defendants did not modify the conditions or duration of Parkhurst's segregation; the six-month period of segregation simply expired. Accordingly, the motion to dismiss for mootness is GRANTED and this appeal is hereby DISMISSED. Further, we VACATE the district court's order and REMAND with directions to dismiss for mootness. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470