18 F.3d 841
 In re OTASCO, INC., Debtor.
OTASCO, INC., a Nevada corporation, Appellee,
v.
The MOHAWK RUBBER COMPANY, an Ohio corporation, Appellant,
v.
AMERITRUST COMPANY NATIONAL ASSOCIATION, a national bank, Appellee.
 No. 93-5206.
 United States Court of Appeals,
Tenth Circuit.
 March 1, 1994.
 
 Frederic Dorwart of Holliman, Langholz, Runnels & Dorwart, Tulsa, Oklahoma, for Appellant, Mohawk Rubber Company.
 Sam G. Bratton II and Leonard Pataki of Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Oklahoma, for Appellee, Otasco, Inc.
 Gary H. Baker and Barbara J. Eden of Baker & Hoster, Tulsa, Oklahoma, Attorneys for Appellee, Society National Bank (formerly Ameritrust Company National Association).
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 The Mohawk Rubber Company appeals the district court's decision that an earlier bankruptcy court judgment against Mohawk precludes relitigation of the same issues in this case. Mohawk claims that collateral estoppel does not apply here because the first case was dismissed on appeal for mootness and thus the issues were never reviewed. We agree with the district court that Mohawk may not relitigate the issues decided by the bankruptcy court in the earlier action, and therefore affirm.
 
 BACKGROUND
 
 2
 When Otasco, Inc., entered bankruptcy, the Mohawk Rubber Company claimed a security interest in tires that Otasco had bought from Mohawk. The bankruptcy court agreed that Mohawk had a security interest in $712,000 worth of tires, but held that the security agreement did not secure future advances on an open account, and therefore Mohawk did not have a security interest in the rest of the Mohawk tires in the estate.
 
 
 3
 Mohawk did not post an appeal bond or request a stay of the order. The district court affirmed the order, which Mohawk then appealed to this court. Before we heard Mohawk's appeal, Mohawk repossessed its collateral and Otasco sold the rest of the tires. Otasco then filed a separate suit against Mohawk, claiming that Mohawk repossessed more tires than it should have. Mohawk responded with claims against Otasco and Ameritrust, the creditor to whom Otasco gave the proceeds of the tire sales, for converting the rest of the tires, in which Mohawk again claimed a security interest. The bankruptcy court dismissed these claims because it had already decided in the earlier action that Mohawk did not have a security interest in the rest of the tires. Mohawk appealed and the parties agreed to stay this second appeal pending our decision on the first appeal.
 
 
 4
 Otasco and Ameritrust filed a motion to dismiss Mohawk's first appeal for mootness because Otasco had sold the rest of the tires and Mohawk did not have a security interest in the cash proceeds. We agreed and dismissed, even though we acknowledged that the bankruptcy court's order therefore might collaterally estop Mohawk from relitigating the extent of its security interest in the second action. At that time Mohawk did not move to vacate the bankruptcy court's mooted order.
 
 
 5
 The district court then lifted the stay of Mohawk's appeal in the second case and affirmed the bankruptcy court's decision that the first order collaterally estopped Mohawk from relitigating the extent of its security interest. The district court subsequently denied rehearing, then Mohawk appealed to this court.
 
 DISCUSSION
 
 6
 Mohawk does not dispute that collateral estoppel generally would prevent relitigation of its security interest in the tires. The only issue is whether our earlier dismissal for mootness and the resulting lack of appellate review of the bankruptcy court's first order "warrant an exception to the established rule." United States v. Munsingwear, Inc., 340 U.S. 36, 38, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).
 
 
 7
 When causes beyond the appellant's control make a case moot pending appeal, a federal appellate court generally should vacate the judgment below and remand with a direction to dismiss. See Great Western Sugar Co. v. Nelson, 442 U.S. 92, 93-94, 99 S.Ct. 2149, 2149-50, 60 L.Ed.2d 735 (1979) (per curiam); Munsingwear, 340 U.S. at 39, 71 S.Ct. at 106; Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936) (per curiam); Oklahoma Radio Assocs. v. FDIC, 3 F.3d 1436, 1439 (10th Cir.1993) (declaring that court has discretion to vacate judgment mooted by voluntary settlement). Vacating the lower court's judgment permits relitigation of the unreviewed issues. Munsingwear, 340 U.S. at 40, 71 S.Ct. at 107.
 
 
 8
 In this case, however, we dismissed without vacating the bankruptcy court's order. That unvacated order continues to preclude relitigation of essential issues, even if we had a duty to vacate the order. Id. at 40-41, 71 S.Ct. at 107; see also 18 Charles Alan Wright et al., Federal Practice and Procedure Sec. 4433, at 316 (1981) ("[I]t is settled that if the parties fail to request [an order vacating the judgment] and the appellate court merely dismisses the appeal, the judgment of the trial court continues to command preclusive effects."). The hardship to Mohawk does not justify an exception to collateral estoppel because Mohawk could have moved to vacate the judgment and thereby could have preserved its rights. See Munsingwear, 340 U.S. at 40-41, 71 S.Ct. at 107. No exception is necessary because appellants already have a way to avoid the preclusive effect of mooted judgments.
 
 
 9
 Mohawk tries in vain to distinguish and limit United States v. Munsingwear, Inc., the controlling Supreme Court precedent. Mohawk argues that it did not make the case moot, nor could it have prevented the case from becoming moot because it did not have adequate grounds for a stay of the bankruptcy court's order that permitted Otasco to sell the tires. Although Mohawk's ability to avoid mootness would have been relevant in a motion to vacate the bankruptcy court's order, it is not relevant to our decision whether the unvacated order estops relitigation of the issues in a second case. The Court in Munsingwear considered only what the appellant could do to prevent a mooted judgment from precluding relitigation: "In this case the United States made no motion to vacate the judgment. It acquiesced in the dismissal. It did not avail itself of the remedy it had to preserve its rights. Denial of a motion to vacate could bring the case here." Id. at 40, 71 S.Ct. at 107. Mohawk likewise "slept on its rights" and did not move to vacate the judgment to preserve its opportunity to relitigate the issues in a second action.[1]
 
 
 10
 Mohawk also focuses on the Supreme Court's observation that the United States had "acquiesced in the dismissal." Mohawk apparently takes this to mean that the United States had agreed that the case should be dismissed for mootness, whereas Mohawk objected to finding the case moot. Appellant's Br. at 14. Neither the Supreme Court's opinion nor the Eighth Circuit's opinion dismissing the first action as moot, Fleming v. Munsingwear, Inc., 162 F.2d 125 (8th Cir.1947), suggests that the United States agreed that the case should be dismissed for mootness. In fact, the Eighth Circuit's opinion suggests that the United States continued to press for reversal of the trial court's decision and the Eighth Circuit dismissed for mootness only on Munsingwear's motion. Id. at 126-27. As the context makes clear, the Supreme Court simply meant that the United States had "acquiesced in the dismissal" by accepting the dismissal without moving to vacate the judgment and thus preserving its rights. Munsingwear, 340 U.S. at 40, 71 S.Ct. at 107. Mohawk similarly acquiesced in our dismissal of the case rather than moving to vacate.
 
 
 11
 Mohawk further tries to distinguish Munsingwear on the grounds that finality partially motivated the Supreme Court, whereas in this case vacating the moot order would not have given finality to litigation because the controversy was "active and ongoing" and the dismissal for mootness was "obtained over the active and continuing opposition of the losing litigant." Appellant's Br. at 15. Mohawk stresses that the parties agreed to stay the second case pending resolution of the first case. Even if these facts were relevant, they were all true of Munsingwear too. The parties agreed to hold the second count in abeyance pending resolution of the injunction count. Munsingwear, 340 U.S. at 37, 71 S.Ct. at 105. The second case was still waiting to be resolved when the first was dismissed for mootness, and the United States sought reversal rather than dismissal for mootness.
 
 
 12
 Finally, Mohawk argues that we should not extend Munsingwear to cover cases where the appellee caused the mootness, because otherwise appellees might insulate decisions from review and preserve their preclusive effect by intentionally mooting them. See Penguin Books USA, Inc. v. Walsh, 929 F.2d 69, 73 (2d Cir.1991) (observing that refusing to vacate a judgment deliberately and unilaterally mooted by appellee may abuse court's discretion); Federal Trade Comm'n v. Food Town Stores, Inc., 547 F.2d 247, 249 (4th Cir.1977) (per curiam) (suggesting that an appellee should not be able to deprive an appellant of a statutory right to appellate review by mooting the case while an appeal is pending). Although we agree that Munsingwear did not consider this question, we disagree that this case warrants an exception. Munsingwear 's reasoning still applies: we should not create an exception to collateral estoppel if the appellant can avoid the hardship without an exception. If an appellee unilaterally and intentionally moots a case to preserve its preclusive effect, the appellant can easily avoid issue preclusion by moving to vacate the judgment. In that case the appellate court clearly would have a duty to vacate the mooted judgment, because the appellant had no control over the circumstances making the case moot. See Manufacturers Hanover Trust Co. v. Yanakas, 11 F.3d 381, 383 (2d Cir.1993) (observing that courts should vacate mooted judgments unless the appellant contributed to mootness); Oklahoma Radio Assocs., 3 F.3d at 1439; Penguin Books, 929 F.2d at 73; Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 721-22 (9th Cir.1982) (holding that an appellate court has no duty to vacate if the appellant made the case moot).
 
 
 13
 We therefore conclude that the unvacated order of the bankruptcy court estops Mohawk from relitigating the essential issues decided therein, and AFFIRM the dismissal of Mohawk's claims and the district court's denial of a rehearing.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [1]
 Almost a year after we dismissed the case for mootness, Mohawk filed a motion to recall our mandate and vacate the bankruptcy court's order. We denied the motion. Mohawk's later motion does not change the outcome. If we properly refused to vacate, then the unvacated judgment continues to have preclusive effect. If we improperly refused to vacate, Mohawk should have challenged our refusal to vacate on direct appeal. See Great Western Sugar Co., 442 U.S. at 93-94, 99 S.Ct. at 2149-50 (reversing appellate court's refusal to vacate decision mooted pending appeal); Munsingwear, 340 U.S. at 40, 71 S.Ct. at 107. Mohawk cannot challenge that decision now