**Charles Leonard FLOYD, Jr., Petitioner–Appellant,**

v.

**E.J. GALLEGOS, Warden, United States Bureau of Prisons; Federal Bureau of Prisons, named as United States Bureau of Prisons, Respondents–Appellees.**

No. 01–1468.

United States Court of Appeals, Tenth Circuit.

May 22, 2002.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

Charles Leonard Floyd, Jr., a federal prisoner proceeding pro se, appeals the denial of his 28 U.S.C. § 2241 habeas corpus petition.[1] Because, as discussed below, the issue has been rendered moot by the unilateral actions of the appellees, we vacate the district court's order and remand the case.

## I. Background

Mr. Floyd was convicted on federal drug charges in 1996, and he received a two-level sentence enhancement for the possession of weapons at the time of the criminal acts. While in prison, Mr. Floyd sought eligibility for early release consideration under the Residential Drug Abuse Program ("the program") created pursuant to 18 U.S.C. § 3621(e). The program allows the Bureau of Prisons (the "BOP") to release an inmate up to one year early upon the inmate's successful completion of the program. *See* 18 U.S.C. § 3621(e)(2)(B). Such early release, however, is limited to "prisoner[s] convicted of . . . nonviolent offense[s]." *Id.* Since the statute does not define what constitutes a violent offense, the BOP promulgated regulations to address this issue. Over a period of years, the BOP changed the definition of "violent offense" such that inmates who receive a sentence enhancement for the possession of weapons are ineligible for early release under the statute.

In his habeas corpus petition, Mr. Floyd alleged that he had initially been deemed eligible for, but not yet enrolled in, the program but that, under the BOP's subsequent definitional changes, his eligibility was impermissibly revoked. Mr. Floyd requested that the BOP be ordered (1) to reinstate his eligibility and (2) to enroll him in the earliest available class under the program. During the course of Mr. Floyd's action, the Supreme Court determined that the BOP had the authority to deny eligibility to inmates who, like Mr. Floyd, were convicted of felonies involving the use of a firearm. *See Lopez v. Davis,* 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). Relying on the holding of *Lopez,* the district court denied Mr. Floyd's request for reinstatement of his

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. We note that a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), is not required in order for a federal prisoner to appeal a final order in a proceeding under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 810 n. 1 (10th Cir. 1997). Also, because Mr. Floyd is representing himself on appeal, his pleadings are construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

eligibility, and the court therefore had no occasion to address his request for enrollment in the next available class under the program.[2] Mr. Floyd now appeals the denial of his habeas petition.

## II. Discussion

In addition to their answer brief, the respondents-appellees filed a "suggestion of mootness" addressing Mr. Floyd's main concern. We construe this as a motion for summary disposition because of mootness under 10th Cir. R. 27.2(A)(1)(b). Generally, a federal court may not issue a decision absent a live case or controversy. *See Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Specifically, a case becomes moot when it becomes "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113. S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting *Mills*, 159 U.S. at 653). Mootness occurs when there is no reasonable expectation that the violation complained of will recur and where interim events or relief have completely eliminated the effects of the alleged violation. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979).

In the present case, the record shows that as of January 17, 2002, the BOP has reinstated Mr. Floyd's eligibility for early release consideration (conditioned upon his compliance with the program's requirements and successful completion of the program once enrolled). Further, the appellees' brief states that "[t]he only way [Mr.] Floyd's eligibility status can be revoked is if [he] fails to abide by the rules and regulations governing [the program] or fails to complete the program." Aples'

Br. at 10. These facts show that the BOP has satisfied the two mootness requirements set forth in *Davis*—namely, that Mr. Floyd has no reasonable expectation that the alleged violation will recur and that interim events have eliminated the effects of the alleged violation. *See Davis*, 440 U.S. at 631. Mr. Floyd's habeas petition requested only injunctive relief, and since mootness applies in situations where injunctive relief is requested, *see Golden v. Zwickler*, 394 U.S. 103, 109, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), it appears that this portion of Mr. Floyd's § 2241 petition is now moot.

"When causes beyond the appellant's control make a case moot pending appeal, a federal appellate court generally should vacate the judgment below and remand with a direction to dismiss." *Otasco, Inc. v. Mohawk Rubber Co. (In re Otasco, Inc.)*, 18 F.3d 841, 843 (10th Cir.1994) (citations omitted). " 'That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance[,]' and [also] prevents the moot judgment 'from spawning any legal consequences.' " *Marc Dev., Inc. v. FDIC*, 12 F.3d 948, 949 (10th Cir. 1993) (en banc) (per curiam) (quoting *United States v. Munsingwear*, 340 U.S. 36, 40–41, 71 S.Ct. 104, 95 L.Ed. 36 (1950)). We therefore grant the appellees' motion to vacate the district court's order.

In addition to requesting the reinstatement of his eligibility status, Mr. Floyd originally requested that the district court order the BOP immediately to enroll him in the next available class under the program. *See* Rec. doc. 7, at 1 (Memorandum of Law in Support of Petitioner's Amended

---

**2.** The holding in *Lopez* may have been inapposite, however, as *Lopez* expressed no view as to the retroactivity of the regulations in ques-tion. For the reasons discussed below, we do not have occasion to address this issue.

Application For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241). The district court did not reach the merits of this claim because the court determined that Mr. Floyd was ineligible for the program. Although the appellees discuss why Mr. Floyd should not be enrolled in the next available class under the program, this argument is not properly before this panel. The district court may address this issue on remand.

### III.   Conclusion

Based on the forgoing reasoning, we GRANT the appellees' motion for summary disposition, VACATE the district court's order as moot, and REMAND the case for proceedings consistent with this order and judgment.