**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE L. KELLY,

      Plaintiff - Appellant,

v.

JUDGE EARL E. O'CONNOR,
deceased, and the UNITED STATES
DISTRICT COURT OF KANSAS,

      Defendants - Appellees.

No. 02-3108
D.C. No. 01-CV-4118-RDR
(D. Kansas)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the appellant's request for a decision on the briefs without

oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*  This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.  BACKGROUND

Proceeding pro se, the plaintiff Lawrence L. Kelly filed this action against a deceased federal district judge and the United States District Court for the District of Kansas.  Mr. Kelly challenged Judge Earl E. O'Connor's adjudication of a prior case, arguing that the judge "allowed illegal evidence," "used a[n] illegal jury," improperly limited cross-examination, and improperly denied a motion for a mistrial.  Aplt's Br. at 2.

On September 26, 2001, the district court dismissed Mr. Kelly's complaint for failure to state a claim.  The court also concluded that Mr. Kelly's action was frivolous.

Mr. Kelly did not file a timely appeal of the district court's order of dismissal.  Instead, he filed the following motions in the district court: (1) a Motion for Reconsideration and for a New Trial (filed on October 30, 2001), and (2) a Motion for Bench and Bar Committee Review and Explication (filed on December 17, 2001).  The district court denied both of these motions:  the first in an order filed on October 30, 2001, and the second in an order filed on February 4, 2002.

As to the latter motion, the court noted that "[i]t is difficult to determine what the plaintiff is seeking from this motion." Rec. doc. 15, at 1 (District Court Order, filed Feb. 4, 2002). Construing Mr. Kelly's motion as one for relief from the judgment pursuant to Fed. R. Civ. P. 60(b), the court noted that Mr. Kelly had failed to establish good grounds for such relief. See generally Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (noting that grounds for relieving a party from a judgment under Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment") (quoting Fed. R. Civ. P. 60). Additionally, the court reasoned that if Mr. Kelly was requesting referral of his case to a bench and bar committee, "[t]he court has no power or authority to transfer this case to a nonjudicial body for action." Rec. doc. 15, at 1. (Dist. Ct. Order, filed Feb. 4, 2002). The court further explained that if Mr. Kelly simply wished to have the committee consider his complaints, he could file such a request directly with the committee, through the Kansas Bar Association.

Mr. Kelly filed a notice of appeal on March 19, 2002. He seeks to proceed in forma pauperis.

## II. DISCUSSION

In order to proceed in forma pauperis in this appeal, Mr. Kelly "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). For the reasons set forth below, we conclude that Mr. Kelly has failed to set forth a reasoned, nonfrivolous argument. Therefore, we deny his motion to proceed in forma pauperis and dismiss this appeal.

As a preliminary matter, we note that, because Mr. Kelly did not file a notice of appeal until March 19, 2002, we may review only the district court's denial of Mr. Kelly's motion for bench and bar committee review. See Fed. R. App. P. 4(a)(1)(b) ("When the United States . . . is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). Because the district court's prior decisions were entered more that sixty days before Mr. Kelly filed his notice of appeal, we lack jurisdiction to review them. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981) (holding that once an appellate court determines a notice of appeal to be untimely, the court "lacks discretion to review the merits); Senjuro v. Murray, 943 F.2d 36, 38 (10th Cir. 1991) (dismissing appeal because the notice of appeal was not timely filed).

As to the motion for bench and bar committee review, we conclude that Mr. Kelly has failed to establish that the district court erred in its analysis. We view his motion in the same two ways as did the district court.

First, viewing Mr. Kelly's motion under Rule 60(b), we may review the district court's denial relief only for an abuse of discretion. See Massengale v. Okla. Bd. of Exam'rs in Optometry, 30 F.3d 1325, 1330 (10th Cir.1994). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). We discern no such exceptional circumstances here. Mr. Kelly's complaint seeks to attack the defendant judge's decisions in a prior case. The proper remedy for such alleged errors is a direct appeal, not a subsequent collateral attack on the judgment. See Otasco, Inc. v. Mohawk Rubber Co. (In re Otasco, Inc.), 18 F.3d 841, 843 n.1 (10th Cir. 1994) (noting that party's failure to fail a direct appeal precluded a subsequent challenge to an order).

Second, viewing Mr. Kelly's motion as one for referral of the case to the Kansas Bar Association, we agree with the district court that it lacked authority to transfer the case to a non-judicial body for final adjudication. See generally Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise

-5-

jurisdiction .").  Although, Mr. Kelly may pursue his complaints with officials of the Kansas bar, here, the proper disposition of such complaints is not properly before this court

## III.  CONCLUSION

Accordingly, we DENY Mr. Kelly's motion to proceed in forma pauperis and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge