**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  TIMMY DEWAYNE JESTER,
a/k/a Tim D. Jester; REBECCA JO
JESTER, a/k/a Becky Jo Jester, f/k/a
Rebecca Jo Hillsberry, f/k/a Becky Jo
Hillsberry,

     Debtors.

----------------------------

TIMMY DEWAYNE JESTER;
REBECCA JO JESTER,

     Appellants,

v.

WELLS FARGO BANK N.A.,

     Appellee.

No. 15-7079
(BAP No. 15-002-EO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Timmy Jester, proceeding without the assistance of counsel, appeals from the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's denial of their motion to reopen their bankruptcy case. Exercising jurisdiction under 28 U.S.C. §§ 158(d)(1) & 1291, we affirm.

On February 23, 2011, Wells Fargo initiated proceedings in state court against Mr. Jester and his now ex-wife to foreclose on their residence. Two months later, the Jesters filed a no-asset bankruptcy petition under Chapter 7 of the bankruptcy code. They listed their real property as exempt and received a discharge on July 27, 2011. Thereafter, Mr. Jester and Wells Fargo entered into a loan modification agreement, wherein he acknowledged Wells Fargo's security interest in the property was still valid and agreed that should he fail to pay his monthly payment, he "shall surrender the Property to Lender." R. at 366. Wells Fargo then dismissed the state foreclosure action on November 3.

Almost immediately, Mr. Jester failed to make payments under the new loan agreement. As a result, Wells Fargo filed another foreclosure action in state court on July 6, 2012. The state court granted summary judgment in favor of Wells Fargo, over Mr. Jester's objection, on October 8, 2014. Three weeks later, Mr. Jester moved to reopen the Jesters' bankruptcy case so that he could commence an adversary proceeding in the bankruptcy court against Wells Fargo, his previous counsel, and Wells Fargo's counsel. He alleged that, *inter alia*, his debt to Wells Fargo was discharged in bankruptcy and Wells Fargo's attempt to foreclose on the property post-discharge violated the automatic stay and discharge injunction. He asked the

bankruptcy court to hold Wells Fargo in contempt and assess punitive damages against it. The court held a hearing and denied the motion, finding that there was no violation of the stay or discharge and that it had no authority to review the state court's final judgment or otherwise grant the relief requested. Reviewing the bankruptcy court's denial for an abuse of discretion, the Bankruptcy Appellate Panel (BAP) affirmed.

On appeal to this court, Mr. Jester argues that the bankruptcy court abused its discretion in denying the motion to reopen. Regarding the automatic stay and discharge injunction, Mr. Jester contends that Wells Fargo violated the stay by not dismissing the prepetition state-court foreclosure suit upon filing of the bankruptcy petition and that the entire process of loan modification was violative of the stay and discharge. The remainder of Mr. Jester's claims on appeal strike at the other relief that the bankruptcy court said it was without authority to grant: (1) Wells Fargo failed to agree to reaffirmation during the bankruptcy proceedings, which rendered the loan modification invalid; (2) Wells Fargo and its counsel committed various breaches of the loan modification contract; (3) it was impossible for the Jesters to default on the loan because the debt was discharged after bankruptcy; (4) Wells Fargo did not prove it had a valid lien on the property and thus it lacked standing to foreclose; (5) Wells Fargo violated the Fair Debt Collection Practices Act (FDCPA).

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The bankruptcy court has "broad discretion in deciding whether to reopen

3

the case." *Watson v. Parker (In re Parker)*, 264 B.R. 685, 691 (10th Cir. BAP 2001). We review the denial of a motion to reopen for an abuse of discretion. *See Woods v. Kenan (In re Woods)*, 173 F.3d 770, 778 (10th Cir. 1999). We independently review the bankruptcy court's decision and give no deference to the BAP's rulings (though they may be persuasive). *See In re Schupbach Invs., LLC*, 808 F.3d 1215, 1219 (10th Cir. 2015).

We affirm. The bankruptcy court did not abuse its discretion in denying the motion to reopen the bankruptcy proceedings because there was no violation of the automatic stay or the discharge injunction. As to whether Wells Fargo violated the automatic stay by not dismissing the state-court case after Mr. Jester filed the bankruptcy petition, the Jesters do not allege that Wells Fargo continued its prosecution of the case during the pendency of bankruptcy proceedings, which is the only activity the automatic stay prohibits. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) (allowing a stay of non-bankruptcy proceedings to avoid violating the automatic stay). Further, because the loan modification agreement was executed post-discharge and did not attempt to make the Jesters personally liable for the discharged debt, it was not violative of the stay or discharge injunction. *See Chandler Bank of Lyons v. Ray*, 804 F.2d 577, 579 (10th Cir. 1986) (per curiam) (discharge injunction "does not preclude *in rem* actions by secured creditors."); *Kline v. Deutsche Bank Nat'l Trust Co*. *(In re Kline)*, 472 B.R. 98, 103–04 (10th Cir. BAP 2012) (actions taken after discharge do not constitute stay violations).

4

Nor did the bankruptcy court err in holding it could not provide Mr. Jester the other relief he sought. Mr. Jester demonstrates a fundamental misunderstanding of both what happened at the conclusion of the bankruptcy proceeding and what claims can be redressed by the bankruptcy court. He fails to appreciate the difference between the discharge of their personal obligation on the loan secured by the property and Wells Fargo's continued interest in the property via the security instrument. The former was discharged, the latter was not. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor *in personam* — while leaving intact another — namely, an action against the debtor *in rem*."). Consequently, the parties' failure to reach a reaffirmation agreement in the bankruptcy proceedings had no effect on Wells Fargo's ability to foreclose on the property, with or without loan modification. Regardless, any claims of breach of the loan modification contract or lack of standing to foreclose are not redressable by the bankruptcy court, which lacks jurisdiction to review the state-court foreclosure judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284–86 (2005) (barring federal court review of prior state-court judgments and claims inextricably intertwined with those judgements). Finally, Mr. Jester did not even raise his FDCPA claim before the bankruptcy court, thus waiving that argument. *Turner v. Pub. Serv. Co. of Colo*., 563 F.3d 1136, 143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

Thus, there is no basis for us to find that the bankruptcy court erred in denying the motion to reopen. Because the bankruptcy court acted within its discretion, we affirm.

Entered for the Court


Jerome A. Holmes
Circuit Judge