**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**April 3, 2020**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[*]

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE TENTH CIRCUIT**

_____

| | |
|---|---|
| IN RE HOLLY MACINTYRE, | BAP No. CO-19-039 |
| Debtor. | |
| _____ | |
| HOLLY MACINTYRE, | Bankr. No. 10-32946 |
| | Adv. No. 19-01136 |
| Appellant, | Chapter 7 |
| v. | |
| JP MORGAN CHASE BANK, N.A. | OPINION |
| Appellee. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado
_____

Submitted on the briefs.[**]

_____

Before **CORNISH**, **JACOBVITZ**, and **HALL**, Bankruptcy Judges.

_____

[*] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[**] The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

_____

**CORNISH**, Bankruptcy Judge.

_____

Chapter 7 debtor Holly MacIntyre (the "Debtor") received a discharge in 2011. Some seven years later, after the Debtor's mortgage lender obtained a foreclosure judgment against her residence, the Debtor reopened her bankruptcy case and filed an adversary complaint against the lender alleging violations of the discharge injunction contained in 11 U.S.C. § 542(a).[1] The Bankruptcy Court for the District of Colorado (the "Bankruptcy Court") dismissed the adversary complaint for failure to state a claim upon which relief may be granted. The Debtor appeals the dismissal, seeking reversal and reinstatement of the adversary complaint. Applying *de novo* review we affirm.

## I. Background

### a. *Bankruptcy Petition & Foreclosure*

The Debtor filed a voluntary chapter 7 petition on September 9, 2010. On the petition date, the Debtor resided at 13025 West 63rd Place, Unit E, Arvada, Colorado (the "Residence"). JP Morgan Chase Bank, N.A. (the "Bank") held first and second deeds of trust secured by the Residence. The Bankruptcy Court entered a discharge on January 6, 2011 and closed the Debtor's case on February 23, 2011.

After entry of the discharge, the Bank foreclosed on its liens against the Residence and obtained an *in rem* foreclosure judgment on December 16, 2014. The Debtor

---

[1]     All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

appealed the foreclosure judgment to the Colorado Court of Appeals, and unsuccessfully sought a stay pending appeal. In its appellee's brief filed with the Colorado Court of Appeals, the Bank included a request for appellate attorneys' fees pursuant to the promissory note and deed of trust.[2] The Bank made the request on October 27, 2015. The Residence sold at foreclosure auction on January 21, 2016, before the Colorado Court of Appeals disposed of the Debtor's appeal.[3] The Colorado Court of Appeals affirmed the foreclosure judgment and awarded the Bank attorneys' fees and costs incurred in the appeal. On April 28, 2016, the Colorado Court of Appeals remanded the case to the Colorado district court for determination of the amount of fees and costs. On January 24, 2017, the Bank notified the Colorado district court it would not seek a determination of the attorneys' fees and costs or otherwise seek to enforce the award of appellate attorneys' fees.

### b. *Motion to Reopen & Adversary Proceeding*

On July 5, 2018, the Debtor filed a motion to reopen the bankruptcy case, requesting the case be reopened so that she could pursue remedies for the Bank's alleged violation of the discharge injunction (the "Motion to Reopen"). The Debtor alleged the Bank violated the discharge injunction by requesting attorneys' fees in its brief to the Colorado Court of Appeals after the foreclosure sale occurred. The Bankruptcy Court denied the Motion to Reopen. The Debtor appealed to this Court, which remanded to the Bankruptcy Court. On remand, the Bankruptcy Court allowed the Debtor sixty days to

---

[2]     Complaint at 3, *in* Appellant's App. at 10.
[3]     Complaint at 5, *in* Appellant's App. at 12.

file an adversary complaint. The Debtor filed her adversary complaint alleging the Bank violated § 524(a)'s discharge injunction (the "Complaint") on May 28, 2019. The Complaint requested the Bankruptcy Court hold the Bank in contempt of the discharge injunction, award actual and punitive damages, and strike the Colorado Court of Appeals award of the Bank's appellate attorneys' fees as void.

The Bank filed a motion to dismiss the adversary proceeding, arguing the Bankruptcy Court should dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss").[4] The Bank argued it took no action to pursue the awarded attorneys' fees after completion of the foreclosure sale; therefore, it did not intentionally act in violation of the discharge injunction. The Bank also argued the Bankruptcy Court could not review and overturn an order of the Colorado Court of Appeals simply because the Debtor disagreed with the lawful foreclosure.

After a hearing, the Bankruptcy Court granted the Bank's Motion to Dismiss. The Debtor appeals, asserting the Bankruptcy Court erred in dismissing the Complaint.

## II.    Jurisdiction & Standard of Review

"With the consent of the parties, this Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth

---

[4]    Federal Rule of Civil Procedure 12 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. All future references to "Rule(s)" are to the Federal Rules of Civil Procedure.

Circuit."[5] Neither party elected to have this appeal heard by the United States District Court for the District of Colorado; thus they have consented to our review.

"A decision is considered final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[6] The disposition of an adversary proceeding is a final order or judgment for purposes of appellate review.[7] Accordingly, we have jurisdiction to hear the appeal of the order granting the Motion to Dismiss.

We review a bankruptcy court's dismissal of an adversary proceeding pursuant to Rule 12(b)(6) *de novo*.[8] "*De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision."[9] "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[5]     *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1), and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[6]     *In re Duncan*, 294 B.R. 339, 341 (10th Cir. BAP 2003) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).

[7]     *Hook v. Manzanares, (In Hook)*, 391 B.R. 211, 2008 WL 2663370, at *2 (10th Cir. BAP July 8, 2008) (first citing 28 U.S.C. § 158(a)(1) & (c)(1); Fed. R. Bankr. P. 8001–8002; 10th Cir. BAP L.R. 8001–1; and then citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712 (1996) (order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'")).

[8]     *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) ("We review de novo the grant of a Rule 12(b)(6) motion to dismiss . . . ." (citing *Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008))).

[9]     *LTF Real Estate Co. v. Expert S. Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634, 643 (10th Cir. BAP 2014) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)).

[10]    *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

reasonable inference that the defendant is liable for the misconduct alleged."[11] Because the Debtor proceeds pro se, we liberally construe the Complaint under the pleading requirements.[12]

### III. Analysis

#### a. The Bankruptcy Court's Ruling

The Bankruptcy Court granted the Motion to Dismiss based on four premises. First, the Bankruptcy Court determined the Debtor voluntarily "returned to the fray" postdischarge by defending the judicial foreclosure and appealing the decision.[13] Second, the Bankruptcy Court concluded there was no evidence the Bank took any action in violation of the discharge injunction. Third, the Debtor suffered no actual damages. Finally, the Bankruptcy Court concluded it lacked jurisdiction to hear the adversary proceeding because the Complaint sought to modify a state court judgment in contravention of the *Rooker-Feldman* doctrine.

The Debtor argues the Bankruptcy Court erred in dismissing the Complaint. Applying the pleading standards established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*[14] and *Ashcroft v. Iqbal*[15] requires considering the Complaint with two underlying principles in mind. First, while factual allegations contained in the Complaint

---

[11]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
[12]     *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) ("[W]e must construe a pro se appellant's complaint liberally.")).
[13]     Order at 6, *in* Appellant's App. at 56.
[14]     550 U.S. 554 (2007).
[15]     556 U.S. 662 (2009).

should be accepted as true, this principle does not apply to legal conclusions contained in the Complaint.[16] With this in mind, the Supreme Court instructs "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[17] After determining the validity of any legal conclusions contained in the Complaint, the Court is then tasked with deciding whether the Complaint "states a plausible claim for relief" sufficient to "survive[] a motion to dismiss."[18] As such, we begin our review with the legal conclusions set out in the Complaint.

### b. Review of the Legal Conclusions Contained in the Complaint

The Complaint's allegations center on the Debtor's belief that the foreclosure sale mooted her appeal of the foreclosure judgment and required the Colorado Court of Appeals to vacate the judgment. The Debtor explains, "[e]xecution of the judgment, while the appeal was pending, would moot the appeal, as Colorado case law makes incontrovertibly clear."[19] Based on the proposition that the appeal of the foreclosure judgment became moot upon the sale of the Residence, the Debtor argues the "loss of her right to appeal would entitle her to have the foreclosure judgment vacated."[20] The Debtor relies on the Tenth Circuit case, *In re Otasco, Inc.*,[21] to support her position that the

---

[16]    *Id.* at 678. (citing *Twombly*, 550 U.S. at 555 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")).
[17]    *Id.* at 679.
[18]    *Id.* (citing *Twombly*, 550 U.S. at 556).
[19]    Complaint at 3, *in* Appellant's App. at 10.
[20]    *Id.*, *in* Appellant's App. at 10.
[21]    18 F.3d 841 (10th Cir. 1994).

Colorado Court of Appeals had "a duty to vacate the mooted judgment."[22] Concluding

the Colorado Court of Appeals should have dismissed the appeal as moot, the Debtor

suggests the Bank "contrived an alternative issue for the court to rule on, to keep the

otherwise moot appeal artificially alive: appellate attorney's fees."[23] Then the Debtor

alleges the Bank violated the discharge injunction by requesting appellate attorneys' fees

because the request kept the appeal alive despite its purported mootness. These

allegations rely on three legal conclusions that the Debtor contends support her claims for

relief. We review each legal conclusion in turn.

### i.  The Foreclosure Sale did not Moot the Appeal

The Debtor's first legal conclusion suggests the foreclosure sale of property moots

a challenge to a judgment creditor's enforcement of a judgment. The Debtor does not cite

any case law supporting this proposition. The legal conclusions alleged in the Complaint

regarding the mootness doctrine are not in line with recent Colorado Court of Appeals'

opinions. While one Colorado Court of Appeals opinion, *Mount Carbon Metropolitan*

*District v. Lake George Company*, held an "appeal is moot [where] the foreclosure sale

has been held and the redemption period has expired,"[24] subsequent opinions reject this

holding. In *FCC Construction, Inc. v. Casino Creek Holdings, Ltd.*, the Colorado Court

of Appeals declined to follow *Mount Carbon*, holding "when a judgment debtor, in

obedience to an order of the court or under compulsion of an execution, satisfies a

---

[22]     Complaint at 3, *in* Appellant's App. at 10 (quoting *In re Otasco*, 18 F.3d 841, 844 (10th Cir. 1994)).

[23]     *Id.*, *in* Appellant's App. at 10.

[24]     847 P.2d 254, 256 (Colo. App. 1993).

judgment rendered against him or her, the right to have the judgment reviewed is not waived."[25] The Colorado Court of Appeals reiterated this holding in two subsequent opinions, *Thomas v. Lynx United Group, LLC*[26] and *Igou v. Bank of America, N.A.*[27] Accordingly, the Debtor's conclusion that the foreclosure sale mooted the appeal of the foreclosure judgment is not in line with Colorado case law.

### ii. Mootness would not Require Vacating the Foreclosure Judgment

The next legal conclusion in the Complaint, that the purported mootness of the appeal required the Colorado Court of Appeals to vacate the foreclosure judgment, is also erroneous. This conclusion is based on the incorrect premise that the appeal became moot. Furthermore, the conclusion improperly cites *In re Otasco, Inc.* as requiring a court to vacate a mooted judgment. Review of *In re Otasco, Inc.*, provides its holding only applies in rare instances where a case fails to remain "alive" throughout the course of appellate review.[28] In such cases, where "causes beyond the appellant's control make a case moot pending appeal, a federal appellate court generally should vacate the judgment below and remand with a direction to dismiss."[29]

---

[25]   916 P.2d 1196, 1198 (Colo. App. 1996).
[26]   159 P.3d 789, 792 (Colo. App. 2006) (following the holding in *FCC Construction, Inc. v. Casino Creek Holdings, Ltd.*, 916 P.2d 1196 (Colo. App. 1996) over *Mt. Carbon Metro. Dist. v. Lake George Co.*, 847 P.2d 254 (Colo. App. 1993)).
[27]   No. 18CA0841, 2020 WL 477194, at *7 (Colo. App. Jan. 30, 2020) (citing *Thomas v. Lynx United Grp., LLC*, 159 P.3d 789, 792 (Colo. App. 2006)).
[28]   13C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3533.10 Cases Moot on Appeal (3d. ed. 2020).
[29]   *In re Otasco, Inc.*, 18 F.3d 841, 843 (10th Cir. 1994).

However, the mootness referred to in *In re Otasco, Inc.* involves the situation where an event *other than the execution of the judgment on appeal* moots the case and the mooted judgment would preclude subsequent review of an issue should it be justiciable in the future. In such cases, the practice of appellate courts is to vacate the judgment as moot and recommend dismissal of the pending trial court case.[30] Vacating the judgment in such cases "'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance[,]' and [also] prevents the moot judgment 'from spawning any legal consequences.'"[31] The "legal consequences" are the potential for a moot judgment or order to preclude "relitigation of unreviewed issues."[32] That is not the case in this appeal as the event the Complaint alleges mooted the state court appeal was the execution of the foreclosure judgment and there is no ongoing dispute in which there would be "legal consequences." Accordingly, the allegation that the purported mootness required vacating the foreclosure judgment relies on an inaccurate interpretation of law.

---

[30] The facts in *In re Otasco, Inc.* differ from the present case as a creditor asked the bankruptcy court to review its claim of lien on goods two separate times. The bankruptcy court limited the extent of the lien and the creditor appealed. The Tenth Circuit Court of Appeals dismissed the appeal as moot because the debtor had already sold the goods the creditor claimed a lien against. The bankruptcy court found the now moot appeal collaterally estopped the creditor from seeking a second decision on the extent of its lien. On appeal, the Tenth Circuit affirmed, holding that while it should have vacated the first order, failure to do so did not prevent the mooted order from precluding re-litigation of the lien issue based on the creditor's failure to request the order be vacated.

[31] *Floyd v. Gallegos*, 42 F. App'x, 92, 94 (10th Cir. 2002) (quoting *Marc Dev., Inc. v. FDIC*, 12 F.3d 948, 949 (10th Cir. 1993) (en banc)) (unpublished).

[32] *In re Otasco, Inc.*, 18 F.3d at 843 (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)).

10

### iii. The Bank did not Violate the Discharge Injunction

The Complaint's final legal conclusion, that the Bank violated the discharge injunction,[33] is dependent on the two previous legal conclusions and is therefore incorrect. The Complaint appears to suggest that keeping the appeal alive by requesting attorneys' fees resulted in a violation of the discharge injunction. It is not entirely clear to this Court how the continuance of an appeal of an admittedly *in rem* foreclosure judgment resulted in a violation of the Debtor's discharge.[34] However, the Debtor also argues that because the award of appellate attorneys' fees was not specifically *in rem*, the fee award also violated the discharge injunction.

In the Complaint, the Debtor admits "[t]he foreclosure judgment, due to the discharge of the mortgages and Promissory Note, is purely in rem and cannot ever become a personal obligation" against her.[35] As the Colorado Supreme Court has noted, "[t]he effect of a judgment in an in rem . . . action is limited to the property that supports jurisdiction. Such a judgment does not impose personal liability on the defendant."[36] This

---

[33] *See Sprague v. Williams (In re Van Winkle)*, 583 B.R. 759, 766 (10th Cir. BAP 2018) (citing *In re Houlik*, 481 B.R. 661, 668 (10th Cir. BAP 2012) ("Whether a creditor violated the discharge injunction is a question of law reviewed *de novo*.")).

[34] The Debtor concedes the foreclosure judgment "is purely in rem." Complaint at 2, *in* Appellant's App. at 9. *See Chandler Bank of Lyons v. Ray*, 804 F.2d 577, 579 (10th Cir. 1986) ("[T]he injunction on discharge under § 524 of the Code does not preclude *in rem* actions by secured creditors.").

[35] Complaint at 2, *in* Appellant's App. at 9.

[36] *Remine v. Dist. Court for City & Cty. of Denver*, 709 P.2d 1379, 1382 (Colo. 1985) (citing *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977)) (en banc).

Court has held "*in rem* actions, which include actions to enforce a lien against encumbered property, are not prohibited by the discharge injunction."[37]

Based on the allegations in the Complaint, which if true confirm the foreclosure action proceeded *in rem*, we cannot agree the request for attorneys' fees violated the discharge injunction. Since the appeal was an appeal of an *in rem* judgment based on a promissory note and deed of trust, absent any evidence that the request sought to hold the Debtor personally liable for the attorneys' fees, nothing in the record supports the conclusion the Bank violated the discharge injunction. First, the Bank requested the attorneys' fees on appeal well before the Residence sold at foreclosure, suggesting it intended to add the fees to the foreclosure judgment.[38] Furthermore, the Complaint acknowledges the Bank took no action to collect on the appellate attorneys' fee award as a personal liability of the Debtor and recognizes that after remand the Bank promptly filed notice in the Colorado district court that it would not seek the fees on remand. Although the Debtor alleges the request for attorneys' fees is part of a grander scheme to prevent the appeal of the foreclosure judgment from becoming moot and necessarily vacated, her analysis is not in line with this Court's reading of *In re Otasco, Inc.* and

---

[37]     *Bednar v. RCB Bank (In re Bednar)*, No. WO-19-001, 2019 WL 3928844, at *9 (10th Cir. BAP Aug. 20, 2019) (quoting *In re Jester*, No. EO-15-002, 2015 WL 6389290, at *5 (10th Cir. BAP Oct. 22, 2015), *aff'd* 656 F. App'x 425 (10th Cir. 2016)).

[38]     *See Taggart v. Lorenzen,* 139 S.Ct. 1795, 1802 (2019) (explaining a discharge injunction only occurs when "there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order.").

similar cases.[39] Accordingly, the Complaint provides no basis to conclude the Bank violated the discharge injunction.

### c. The Bankruptcy Court Properly Dismissed the Complaint

Rule 8, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008, provides a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[40] In interpreting this standard, the Supreme Court provides

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[41]

A reviewing court must accept factual allegations as true but is "not bound to accept as true a legal conclusion couched as a factual allegation."[42] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[43]

Reviewing the Complaint liberally, it lacks any factual allegations to support the conclusion the Bank violated the discharge injunction. While the Complaint asserts the Bank improperly sought appellate attorneys' fees, the Bank made the request before execution of the foreclosure sale. Because the Bank could add any attorneys' fees to its *in*

---

[39] *Kelly v. O'Connor*, 49 F. App'x 239 (10th Cir. 2002) (unpublished); *Floyd v. Gallegos*, 42 F. App'x 92 (10th Cir. 2002) (unpublished).
[40] Fed. R. Civ. P. 8(a)(2).
[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[42] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[43] *Iqbal*, 556 U.S. at 679.

*rem* judgment, there was an objectively reasonable basis for requesting the fees that did not violate the discharge injunction.[44] Furthermore, in the Complaint, the Debtor concedes the Bank did not take any action to enforce the award of attorneys' fees and informed the Colorado district court it would not seek a determination of the amount of fees. Aside from the faulty legal conclusion that the Bank sought to prolong the appeal to avoid having the foreclosure judgment vacated, the Complaint alleges no facts to support concluding the Bank violated the discharge injunction. Accordingly, the Bankruptcy Court properly dismissed the Complaint for failure to state a claim upon which relief can be granted.

### d. *De Novo* Review does not Require Consideration of the Bankruptcy Court's Conclusions

On appeal, the Debtor asserts the Bankruptcy Court committed three legal errors when it concluded: (1) the Bank was entitled to post-petition attorneys' fees because the Debtor "returned to the fray" by defending the foreclosure action and appealing the judgment; (2) the Debtor must prove actual damages to properly plead a violation of the discharge injunction; and (3) the Debtor asked the Bankruptcy Court to reconsider the final state court judgment in violation of the *Rooker-Feldman* doctrine.[45] As we review the Bankruptcy Court's dismissal for failure to state a claim *de novo*, giving no deference

---

[44]     *See Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019) (explaining the appropriate standard for determining if a creditor is liable for contempt is whether "there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order.").

[45]     The *Rooker-Feldman* doctrine is based on a pair of Supreme Court decisions: *Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

to the Bankruptcy Court's legal conclusions, we "may affirm for any basis present in the record."[46] However, to the extent, the Complaint alleges the Bankruptcy Court should strike the Colorado Court of Appeals' award of attorneys' fees because the underlying foreclosure judgment is void, we find justification in the Bankruptcy Court's dismissal under the *Rooker-Feldman* doctrine.

"The Tenth Circuit has explained that '[t]he *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court.'"[47] *Rooker-Feldman* does "not deprive a federal court of jurisdiction to hear a claim just because it could result in a judgment inconsistent with a state-court judgment."[48] "Instead, the doctrine prohibits 'a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment.'"[49] "*Rooker-Feldman* can bar a federal-court claim [ ] only if 'an element of the claim is that [a prior state-court] judgment was wrongful."[50] "*Rooker-Feldman* is jurisdictional in the sense that federal courts do not have jurisdiction to modify or set aside a state court judgment because the state proceedings should not have led to that judgment."[51]

---

[46]     *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686, n.2 (10th Cir. 2019) (citing *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011)).
[47]     *Bednar v. RCB Bank (In re Bednar)*, No. WO-19-001, 2019 WL 3928844, at *7 (10th Cir. BAP Aug. 20, 2019) (quoting *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012)).
[48]     *Mayotte v. U.S. Bank Nat'l Ass'n, as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1174 (10th Cir. 2018).
[49]     *In re Bednar*, 2019 WL 3928844, at *7 (quoting *Mayotte*, 880 F.3d at 1174).
[50]     *Id.* (quoting *Mayotte*, 880 F.3d at 1175).
[51]     *Id.* (citing *Mayotte*, 880 F.3d at 1170).

Applying *Rooker-Feldman* to the Complaint we note that to the extent the Complaint asserts the portion of the Colorado Court of Appeals' opinion awarding appellate attorneys' fees is void pursuant to § 524(a), the Bankruptcy Court would have jurisdiction to consider such allegations.[52] However, a comprehensive reading of the Complaint suggests the Debtor asked the Bankruptcy Court to conclude the Bank violated the discharge injunction by pursuing attorneys' fees as part of a scheme to prevent the Colorado Court of Appeals from dismissing the appeal as moot and vacating the foreclosure judgment.[53] To the extent the Complaint alleges the Colorado Court of Appeals improperly allowed the appeal to proceed instead of dismissing it as moot and vacating the foreclosure judgment, the *Rooker-Feldman* doctrine precluded the Bankruptcy Court's review.[54] Under such a reading of the Complaint, the Bankruptcy Court did not err in dismissing the Complaint, in part, pursuant to the *Rooker-Feldman* doctrine.[55]

---

[52] *Sprague v. Williams (In re Van Winkle)*, 583 B.R. 759, 767 (10th Cir. BAP 2018) (citing *In re Skinner*, 917 F.2d 444, 447-48 (10th Cir. 1990)) ("bankruptcy courts clearly have jurisdiction to review alleged violations of their own orders, including civil contempt matters arising out of core matters.").

[53] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (explaining "courts must consider the complaint in its entirety . . . when ruling on Rule 12(b)(6) motions to dismiss.").

[54] *In re Bednar*, 2019 WL 3928844, at *7.

[55] *See In re Miller*, 666 F.3d 1255, 1262 (10th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280-291-92 (2005)) ("The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court."); *In re Bednar*, 2019 WL 3928844, at *7 (holding *Rooker-Feldman* precluded bankruptcy court from revisiting state court foreclosure of mortgage lien); *In re Jester*, No. EO-15-002, 2015 WL 6389290 (10th Cir. BAP Oct. 22, 2015) (holding *Rooker-Feldman* precluded bankruptcy court from considering pro se debtor's request to

**IV.     Conclusion**

The Complaint contains numerous legal conclusions to support a theory that the Bank improperly requested appellate attorneys' fees to prevent the Colorado Court of Appeals from vacating the foreclosure judgment. Reviewing the Complaint under the standards set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, we are not convinced it contains sufficient factual allegations to support the conclusion the Bank violated § 524's discharge injunction. Accordingly, the Bankruptcy Court's dismissal is AFFIRMED.

---

set aside foreclosure judgment), *aff'd* 656 F. App'x 425 (10th Cir. 2016); *Abboud v. Abboud (In re Abboud)*, 237 B.R. 777, 780 (10th Cir. BAP 1999) (citing cases explaining limits of the *Rooker-Feldman* doctrine) ("Jurisdiction to review valid state court judgments thus lies exclusively with the superior state courts and, ultimately, the Supreme Court.").